```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**VICKI L. LEMMON,**

        **Plaintiff,**

  vs.                                      **Civil Action 2:13-cv-410**
                                            **Judge Watson**
                                            **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying the claimant's application for a period of disability and disability insurance benefits.  This matter is now before the Court on *Plaintiff Vicki L. Lemmon's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 14, the Commissioner's *Opposition to Plaintiff's Statement of Errors* ("*Commissioner's Response*"), Doc. No. 22, and *Plaintiff Tracey L. Lemmon's Reply to Defendant's Memorandum in Opposition*, Doc. No. 23.[1]

Vickie L. Lemmon (the "claimant") filed her application for benefits on February 12, 2010, alleging that she has been disabled since June 1, 2008.  *PAGEID* 124.  The application was denied initially and upon reconsideration, and the claimant requested a *de novo* hearing before an administrative law judge.

---

[1]  The claimant's widower, Tracey Lemmon, was substituted as plaintiff pursuant to Fed. R. Civ. P. 25(a) on July 22, 2013.  *See Order*, Doc. No. 13.

An administrative hearing was held on January 10, 2012, at which the claimant, represented by counsel, appeared and testified, as did Lynne Kaufman, who testified as a vocational expert. *PAGEID* 74. In a decision dated April 18, 2012, the administrative law judge concluded that the claimant was not disabled from June 1, 2008, the alleged onset date, through March 31, 2010, the date she was last insured for disability insurance benefits. *PAGEID* 69. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 12, 2013. *PAGEID* 47.

The claimant was 53 years of age on the date of the administrative decision. *See PAGEID* 47, 124. She has at least a high school education, was able to communicate in English, and had past relevant work as a bartender, waitress, and banquet attendant. *PAGEID* 67. The claimant was last insured for disability insurance purposes on March 31, 2010. *PAGEID* 60. The claimant did not engage in substantial gainful activity from her alleged onset date through her date last insured. *Id*.

**II.  Administrative Decision**

The administrative law judge found that the claimant's severe impairments consisted of degenerative disc disease of the lumbar spine and a history of cirrhosis of the liver. *PAGEID* 60. The administrative law judge also found that the claimant's impairments neither met nor equalled a listed impairment and left the claimant with the residual functional capacity ("RFC") to

> perform less than the full range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant could have lifted no more than ten pounds frequently and twenty pounds occasionally; sat, stood and/or walked at least one

2

>hour at a time for a total of six hours in an eight-hour workday; and occasionally climbed stairs, stooped and crouched.

*PAGEID* 60-61. Although this RFC precluded the claimant's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that the claimant was left with the ability to perform a significant number of jobs in the national economy, including such jobs as product assembler, sorter, and office helper. *PAGEID* 67-68. Accordingly, the administrative law judge concluded that the claimant was not disabled within the meaning of the Social Security Act from June 1, 2008, the alleged disability onset date, through March 31, 2010, the date she was last insured. *PAGEID* 69.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in evaluating the medical opinions of the claimant's treating physician, Dale L. Michalak, M.D. *Statement of Errors*, pp. 7-16. Plaintiff specifically argues that the administrative law judge failed to provide good reasons for discounting Dr. Michalak's December 2009 and September 2010 medical opinions and failed to even mention Dr. Michalak's July 2010 medical opinion. *Id*.

An administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 404. 1527(c). The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to determine how much weight the opinion is entitled to by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination,

4

the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded to the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

The claimant began treating with Dr. Michalak in 1995. *PAGEID* 247, 452. On December 7, 2009, Dr. Michalak opined that the claimant's ability to stand/walk was limited to one to two hours in an eight-hour workday, with no more than 30 minutes to an hour without interruption. *PAGEID* 207. The claimant could sit for three to four hours in an eight-hour workday without interruption. *Id*. Dr. Michalak further opined that the claimant could lift/carry up to five pounds frequently, she was moderately limited in her ability to reach,

5

handle, and perform repetitive foot movements, she was markedly limited in her ability to bend, and she was extremely limited in her ability to push/pull.  *Id*.

On July 12, 2011, Dr. Michalak opined that the claimant was unable to reach above shoulder level, noted that her "liver cirrhosis causes fatigue," and commented that she was "likely to have partial or full day unscheduled absences from work occurring 5 or more days per month due to the diagnosed conditions, pain and/or side effects of medication[.]"  PAGEID 445-50.

On September 1, 2011, Dr. Michalak opined that, "as of 3/17/2010 [the claimant] was unable to work due to her back pain."  PAGEID 452.

The administrative law judge considered Dr. Michalak's December 2009 and September 2011 opinions but assigned them "very little" weight."  PAGEID 63.  However, the administrative law judge made no mention whatsoever of Dr. Michalak's July 2011 opinion.  Thus, it appears that the administrative law judge did not evaluate the July 2011 opinion for controlling weight, nor did he consider the factors required by *Wilson*.  Furthermore, although the Commissioner concedes that Dr. Michalak is a treating source, *see Commissioner's Response*, pp. 4-8, she does not argue that the administrative law judge considered Dr. Michalak's July 2011 opinion.  In fact, the *Commissioner's Response* likewise fails to make any reference whatsoever to Dr. Michalak's July 2011 opinion.

6

Dr. Michalak's July 2011 opinion is a "medical opinion"[2] within the meaning of the Commissioner's regulations. *Cf. West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 697 (6th Cir. 2007) (rejecting a treating source opinion because it was "not a specific, medically supported opinion on the nature and severity of [the plaintiff's] impairments; rather it is an assessment on the ultimate issue of whether [the plaintiff] could continue to work with his medical condition"). It is not apparent that the administrative law judge even considered Dr. Michalak's July 2011 opinion; if he did, the administrative law judge did not provide reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discounting that opinion. *See Rogers*, 486 F.3d at 242. Furthermore, it is apparent that the limitations articulated in Dr. Michalak's July 2011 opinion are not adequately reflected in the administrative law judge's RFC assessment.

The Court therefore concludes that the matter must be remanded for further consideration of the opinions articulated by the claimant's treating provider, Dr. Michalak.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for further administrative proceedings consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

---

[2] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 13, 2014                          *s/Norah McCann King*
                                          Norah M$^c$Cann King
                                    United States Magistrate Judge